IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| CHRISTINE BROWN, as personal representative of the estate of Larie Williams,<br><br>Plaintiff,<br>v.<br><br>ROPHEKA CARES, LLC, JOYCE MCCREARY, COMBINED INSURANCE COMPANY OF AMERICA, and JOHN DOE employees/managers/agents of Combined Insurance Company of America,<br><br>Defendants. | C/A. No. 5:19-cv-03556-CMC<br><br>**Opinion and Order<br>on Motion to Remand<br>(ECF No. 19)** |

This matter was removed from state court by Defendant Combined Insurance Company of America ("CICA"). ECF No. 1. CICA asserted this court had jurisdiction over the claims against it because CICA is diverse from Plaintiff, the John Doe Defendant(s) should be ignored for purposes of determining diversity jurisdiction, the claims against Defendants Ropheka Cares, LLC ("Ropheka") and Joyce McCreary ("McCreary") were improperly joined with the claims against CICA, and the amount in controversy satisfies the jurisdictional threshold under 28 U.S.C. § 1332. *Id*. CICA filed a motion to sever and remand Plaintiff's claims against Ropheka and McCreary concurrently with its removal papers. ECF No. 5.

Plaintiff sought and was granted an extension of time to respond to CICA's motion to sever and remand. ECF Nos. 8, 9. No response was filed by the extended deadline, prompting the court to request a status report. ECF No. 11. Plaintiff and CICA responded by filing a stipulation of dismissal with prejudice of Plaintiff's claims against CICA and the John Doe Defendant(s).

In response to a further query from the court as to jurisdictional concerns, Plaintiff filed a motion to remand the claims against Ropheka and McCreary. ECF No. 18. Plaintiff asserts Ropheka and McCreary were served in November 2019, before the matter was removed to this court, but have yet to appear in this court or state court.[1] CICA filed a response noting claims against it had been dismissed and it did not object to remand.

In light of the absence of any appearance by Ropheka or McCreary and CICA's statement it does not object to remand, the court will resolve Plaintiff's motion without awaiting further response. Whether or not removal was proper, it is clear no basis for the assertion of subject matter jurisdiction remains.[2] Indeed, for removal to be proper, the court would have been required to sever and remand the claims against Ropheka and McCreary.[3]

## CONCLUSION

For reasons explained above, CICA's motion to sever and remand (ECF No. 5) is moot and Plaintiff's motion to remand (ECF No. 18) is granted.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 3, 2020

---

[1] The court makes no determination as to the adequacy of service, which occurred prior to removal.

[2] The undersigned has previously rejected removal of state-law claims based on a "separate and independent claim" theory, essentially the same theory on which CICA relies for removal. *See Pollock v. Goodwin*, C.A. No. 3:07-3983-CMC, 2008 WL 216381 (D.S.C. Jan. 23, 2008).

[3] CICA's motion seeking such relief is mooted by the stipulation of dismissal.